# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE , LLC et al. | Bankruptcy Case No. 20-10553 |
| | Bankruptcy Adv. P. 20-50548 |
| Debtors. | |
| TODD STEWART, JENNIFER SAWLE, et al. | |
| Appellants, | |
| v. | C.A. No. 22-450-CFC |
| ALFRED T. GIULIANO, Chapter 7 Trustee for Debtors, et al., | Bankr. BAP No. 22-30 |
| Appellees. | |

_____

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE , LLC et al. | Bankruptcy Case No. 20-10553 (CTG) |
| | Bankruptcy Adv. P. 20-50548 (CSS) |
| Debtors. | |
| ALFRED T. GIULIANO, Chapter 7 Trustee for Debtors | |
| Appellants, | |

|  |  |
|---|---|
| v.<br>TODD STEWART, JENNIFER SAWLE, et al.<br><br>Appellees. | C.A. No. 22-489-CFC<br>Bankr. BAP No. 22-32 |

**RECOMMENDATION**

At Wilmington this **29th** day of **April, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

In their joint statement, the parties set forth their respective positions on mediation, their ADR history and a proposed appellate briefing schedule.

Appellants Todd Stewart and Jennifer Sawle filed their Notice of Appeal from the Bankruptcy Court's Opinion and Order granting the Trustee's summary judgment motion and denying class certification in Adv. Proc. No 20-50548.  On April 14, 2022, Appellee Alfred T. Guiliano filed a Notice of Cross Appeal of the Summary Judgment Order.

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

These two appellate matters have been assigned separate case numbers in this Court, that is, Stewart, et al. v. Alfred T. Giuliano, Trustee, C.A. No. 22-450-CFC and Alfred T. Giuliano, Trustee v. Stewart, et al., C.A. No. 22-489-CFC.  Because both cases arise out of the same Summary Judgment Order, the parties seek consolidation of these Appeals under one caption, that is, C.A. No. 22-450-CFC.

Further on April 18, 2022, the Bankruptcy Court entered an administrative order changing the dockets to reflect the Debtors' corporate name changes and revising the case caption of the Debtors' jointly administered bankruptcy cases (Bankr. Case No. 20-10553). [2]  The parties included with their joint submission a copy of the proposed updated caption as Ex. A, which is attached to this Recommendation, and incorporated herein by reference.

The Parties participated in mediation before retired Bankruptcy Court Judge Kevin Gross on July 27, 2021.  This mediation did not result in a resolution.  The Parties agree that the issues involved on these Appeals are not amenable to ADR, and request these matters be withdrawn from mandatory mediation and proceed through this Court's appellate process.

The Parties propose the following briefing schedule:

| | |
|---|---|
| **Opening Briefs in Appeal and Cross Appeal** | **June 20, 2022** |
| **Responses in Appeal and Cross Appeal** | **July 25, 2022** |
| **Replies in Appeal and Cross Appeal** | **August 8, 2022** |

---

[2]  The name change for each Debtor entity was required by a previous Bankruptcy Court asset sale order that provided the Trustee discontinue the use of the Debtors' former name "Art Van Furniture" and similar trade names.  As a result, the Debtors' cases are now being jointly administered under the lead case's new caption *In re Start Man Furniture, LLC, et al.*, Case No. 20-10553 (CTG).

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), these matters, 22-450-CFC and 22-489-CFC, be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  No objections are anticipated to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 because it is consistent with the parties' request.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge